I think the bond is a mere contract, or bond of indemnity, and that all that can be claimed under it is compensation for the value of the land lost by a better title, valuing the whole land at the price mentioned in the bond, and the part lost by its relative value thereto. As to the words "and in proportion should he lose any part thereof." I understand them to mean only, that if a part should be lost, (a whole loss being provided for before,) the part lost should be valued in relation to the value fixed on the whole. A contrary construction might lead to very unjust results. For the part lost might be entirely barren; and although it might be half of the quantity of land sold, the real injury might be inconsiderable; yet one half of the purchase money must be returned. And so vice versa, the valuable part of the land might be lost, and only one half of the purchase money be restored. This would be giving to the bond a construction very different from that of an indemnity. Nor does it make any difference that neither of the parties had ever seen the lands, or knew where the title was good and where *Page 326 
defective: they acted on their knowledge, or their supposed knowledge, of the general value of the land in that country: they knew that some tracts were better than others, and parts of those tracts better than other parts. When lands are bought or sold by the acre, it rarely happens that each acre is of the same value. The average value of each acre governs the parties, and in this way the value of the whole tract is ascertained. I think the Jury were wrongly instructed, and that the rule for a new trial should be made absolute.